UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

TAHIRA ADAYA,

Plaintiff,

v.

BELL INERNATIONAL LABORATORIES, INC.,

Defendant.

25 Civ. 8936 (DEH)

**MEMORANDUM OPINION AND ORDER**

DALE E. HO, United States District Judge:

Before the Court is a Report and Recommendation ("R. & R." or the "Report") from Magistrate Judge Willis, recommending that this matter be transferred to the United States District Court for the District of Minnesota because Plaintiff failed to establish personal jurisdiction over Defendant Bell International Laboratories, Inc. ("Bell")[1] and because venue in this District is improper.[2] Plaintiff Adaya ("Plaintiff" or "Adaya"), proceeding *pro se*, timely sought an extension of time to file any objections,[3] which the Court granted,[4] and thereafter timely filed objections.[5] Bell timely filed its responses to Plaintiff Adaya's objections.[6] For the reasons stated herein, the Report is **ADOPTED IN FULL**.

---

[1] Plaintiff originally filed suit against Bell, Mo Saremi, and Eric Yarnell, however on March 30, 2026, Plaintiff voluntarily dismissed all claims against Mo Saremi and Eric Yarnell. ECF Nos. 29 & 30.

[2] Report, at 1-2, ECF No. 33.

[3] ECF No. 34.

[4] ECF No. 35.

[5] Plaintiff's Objections ("Pl.'s Objs."), ECF No. 36.

[6] Defendant's Response ("Def.'s Resp."), ECF No. 40.

## BACKGROUND

This action is assigned to Magistrate Judge Willis for general pretrial supervision and report and recommendation on dispositive motions.[7] Familiarity with the factual background and relevant procedural history of this case as set out in the Report is assumed. Briefly, however,

> [t]his action involves a dispute over the ownership of and payment for Bell's product formulations, technical specifications[,] and related work product development by Bell in connection with Bell's manufacture of over-the-counter sunscreen products for Plaintiff's company, Habitual, Inc. (hereinafter, 'Habit'). Plaintiff . . . demand[s] transfer of Bell's aforementioned formulations, specifications[,] and work product.[8]

The operative complaint alleges that this dispute is governed by an unsigned purchase order dated October 21, 2019 (the "Purchase Order") featuring a forum selection clause providing for venue in this District, but the Report concluded that the forum selection clause is invalid and that Bell did not consent to jurisdiction or venue in New York.

Adaya objects on several grounds. First, Adaya argues that Magistrate Judge Willis improperly concluded that the Statute of Frauds renders the forum selection clause invalid because the Purchase Order was not subscribed to.[9] Next, Adaya asserts that "Bell is bound by the Purchase Order [including its New York forum-selection clause] because it accepted the Order in the manner the Order itself prescribed;"[10] that is, Bell accepted the forum selection clause through performance. Finally, Adaya contends that the Statute of Frauds does not apply because "[t]he obligation Plaintiff seeks to enforce" can be performed within one year and is severable from other obligations within the Purchase Order that cannot be performed within a year.[11]

---

[7] ECF No. 7.

[8] Def.'s Resp. at 1.

[9] Pl.'s Objs. at 3-4.

[10] *Id.* at 4-5.

[11] *Id.* at 5-7.

Bell argues that Adaya's objections rehash arguments that were already presented and considered by Magistrate Judge Willis,[12] that Adaya improperly and belatedly seeks to introduce new evidence that was never presented to Magistrate Judge Willis to support her arguments,[13] that Adaya misstates the law with respect to severability and the one-year performance requirement under the Statute of Frauds,[14] that Bell's performance does not render Bell "subscribed" to the unsigned Purchase Order,[15] and that Adaya does not demonstrate any clear error in Magistrate Judge Willis's recommendations.[16]

## LEGAL STANDARD[17]

In reviewing a magistrate judge's report and recommendation, a district judge "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."[18] For dispositive matters, a district judge is required to "determine de novo any part of the magistrate judge's disposition that has been properly objected to" by any party.[19] For those portions to which no proper objection is made, a district court need only satisfy itself that there is no "clear error on the face of the record."[20]

---

[12] Def.'s Resp. at 5-8.

[13] *Id.* at 8-9.

[14] *Id.* at 9-11.

[15] *Id.* at 11-12.

[16] *Id.* at 14.

[17] All references to Rules are to the Federal Rules of Civil Procedure. In all quotations from cases, the Court omits citations, alterations, emphases, internal quotation marks, and ellipses, unless otherwise indicated.

[18] 28 U.S.C. § 636(b)(1)(C).

[19] Fed. R. Civ. P. 72(b)(3).

[20] *Miller v. Brightstar Asia, Ltd.*, 43 F.4th 112, 120 n.4 (2d Cir. 2022).

An objection is proper when it is timely, specific, and does "not raise new arguments not previously made before the magistrate judge."[21] A district judge may not reject a party's objections by "appl[ying] an additional qualification . . . [that] requir[es] that an objection may not reiterate . . . arguments already raised before the magistrate judge."[22] But when a party has not properly made objections, for instance, by making "objections that are merely perfunctory responses argued in an attempt to engage the district court in a rehashing of the same arguments set forth in the original [papers, it] will not suffice to invoke de novo review."[23]

As Adaya is a *pro se* litigant, the Court examines her submissions with "special solicitude"[24] "and . . . interpret[s] them to raise the strongest arguments that they suggest."[25] However, "threadbare recitals" and "mere conclusory statements, do not suffice."[26]

## DISCUSSION

### I. Bell's Subscription to and Acceptance of the Purchase Order's Forum Selection Clause

Adaya's first two objections—that Bell subscribed to the Purchase Order, satisfying the statute of frauds, and that Bell's performance binds Bell to the Purchase Order's forum selection clause—are timely, respond to specific legal conclusions within the Report, and build upon, rather

---

[21] *Nambiar v. Cent. Orthopedic Grp., LLP*, 158 F.4th 349, 359 (2d Cir. 2025).

[22] *Id.* at 359-60.

[23] *Owusu v. N.Y. State Ins.*, 655 F. Supp. 2d 308, 313 (S.D.N.Y. 2009); *see also Nambiar*, 158 F.4th at 361 ("But as we explained, [clear error review] should be applied *only* when the objections are nonspecific or merely perfunctory responses argued in an attempt to engage the district court in a rehashing of the same arguments set forth in the original petition.") (quotations omitted).

[24] *Tracy v. Freshwater*, 623 F.3d 90, 102 (2d Cir. 2010).

[25] *Burgos v. Hopkins*, 14 F.3d 787, 790 (2d Cir. 1994).

[26] *Chavis v. Chappius*, 618 F.3d 162, 170 (2d Cir. 2010).

than raise for the first time, arguments made to the Magistrate Judge.[27] The arguments, however, rely on evidence not previously before the Magistrate Judge. "It is well settled that courts generally do not consider new evidence raised in objections to a magistrate judge's report and recommendation, and such evidence is merited only in rare cases where the party . . . has offered a most compelling reason for the late production of evidence, or a compelling justification for its failure to present such evidence to the magistrate judge."[28]

Adaya has offered no reason or justification, compelling or otherwise, for her failure to present this evidence to Magistrate Judge Willis. And the Court, examining the objections with "special solicitude," as it must, can identify no such reason. In her opposition to the motion to dismiss, Adaya specifically turned to the forum selection clause as a rebuttal to Bell's contention that venue is Adaya's to establish, that no material events took place in New York, and that no party resides in New York.[29] In its reply in further support, Bell directly responded, pointing out that the Complaint itself never alleges that the Purchase Order was signed, and that the document

---

[27] *See* Plaintiff's Opposition to Defendant's Motion to Dismiss ("Pl.'s Opp'n Mot. Dismiss") at 8-9, ECF No. 26 (arguing that the forum selection clause is valid because Bell "agree[d] to this clause" and "reaffirmed that submission with every order it accepted.").

[28] *Mitchell v. Colvin*, No. 16 Civ. 6588, 2018 WL 1568972, at *2 (S.D.N.Y. March 30, 2018); *see also Livevideo.AI Corp. v. Redstone*, No. 24 Civ. 6290, 2025 WL 2778110, at *4 (S.D.N.Y. Sep. 30, 2025) ("[I]t is inappropriate for the Court to consider new evidence upon review of a Magistrate's Report and Recommendation, when Parties had an opportunity fully to brief the Magistrate."); *McBryde-O'Neal v. Polichetti*, No. 23 Civ. 10113, 2025 WL 752055, at *4 (S.D.N.Y. March 10, 2025) ("This general practice of district judges to decline to receive further evidence advances several interests, including discouraging parties from withholding evidence . . . in the expectation of using it before the district judge only if they failed to prevail before the magistrate judge on a more abbreviated showing and rewarding careless preparation of the initial papers.").

[29] Pl.'s Opp'n Mot. Dismiss at 8-9 (arguing that the forum selection clause "mandates litigation in New York").

Adaya attached to the opposition was not signed by either party.[30] Perhaps the Court could excuse Adaya's failures in light of her *pro se* status, but Adaya sought[31]—and was granted[32]—a sur-reply, the entirety of which she devoted to addressing whether she could bring claims in her individual capacity and the interstate nature of Habit's business.[33] Nowhere in the sur-reply does Adaya even mention the Purchase Order or the forum selection clause. In sum, Adaya was on notice that the issue of the validity and operability of the Purchase Order and the forum selection clause was relevant to the venue analysis, yet she failed to provide evidence she deemed important to that analysis to the Magistrate Judge. The Court can find no reason, and certainly not a compelling one, to justify this failure. Accordingly, because Adaya's arguments that Bell subscribed to the Purchase Order, and that Bell's performance binds it to the Purchase Order's forum selection clause are based on new evidence that cannot be considered in this posture, the Court rejects these arguments.

## II. Severability and the Statute of Frauds Performance Requirement

Adaya's final objection—that the obligation at issue can be performed within one year, and that it is severable from those obligations that cannot—is improper because it raises new arguments not previously made before Magistrate Judge Willis. In its motion to dismiss, Bell expressly argued that the statute of frauds barred Adaya's claims because performance could not be

---

[30] Defendant's Reply ("Def.'s Reply") at 4-5, ECF No. 27.

[31] Plaintiff's Motion for Leave to File a Sur-Reply (Pl.'s Sur-Reply Mot."), ECF No. 28.

[32] Memo Endorsement Granting Leave to File a Sur-Reply ("Order Granting Sur-Reply Mot."), ECF No. 31.

[33] Plaintiff's Sur-Reply ("Pl.'s Sur-Reply"), ECF No. 32.

completed within one year.[34] In opposition, Adaya did not address this argument, instead focusing on whether the agreement was subscribed to in writing and Bell's performance.[35] Nor did Adaya address this argument in her sur-reply.[36] Accordingly, the objection that the obligation Adaya seeks to enforce is severable from the agreement as a whole, and that the obligation can be performed within one year, is improper.

## CONCLUSION

For the foregoing reasons, the Report is **ADOPTED IN FULL**. The Clerk of Court is respectfully requested to terminate ECF Nos. 23 and 24. The Clerk of Court is further respectfully requested to transfer this matter to the United States District Court for the District of Minnesota.

SO ORDERED.

Dated: September 11, 2026

New York, New York

DALE E. HO
United States District Judge

[34] Defendant's Memorandum of Law in Support of Motion to Dismiss ("Def.'s Mem. Law Supp.") at 9-11, ECF No. 24. ("Addendum #1 includes terms that cannot be performed within one year").

[35] Pl.'s Opp'n Mot. Dismiss at 13-14.

[36] *See generally*, Pl.'s Sur-Reply.